UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

MITCHELL F. REITER, *on assignment of John W.*,

    Plaintiff,

vs.

ANTHEM BLUE CROSS BLUE SHIELD,

    Defendant.

Civ. No. 17-11622

OPINION

## KEVIN MCNULTY, U.S.D.J.:

The plaintiff, Mitchell F. Reiter, M.D., PC (for convenience, "Dr. Reiter"), brings this ERISA action "on assignment of John W.," his patient. The Complaint alleges that John W.'s insurer, Anthem Blue Cross Blue Shield ("Anthem"),[1] did not provide appropriate reimbursement for medical services. Now before the court is Anthem's motion to dismiss the complaint. Because I find that Dr. Reiter lacks standing to sue as assignee, the Complaint will be dismissed.

### I.    BACKGROUND

The plaintiff, Dr. Reiter, is a physician. His patient, John W., a member of Moody's Corporation health benefits plan, is insured by Anthem.

On May 2, 2016, Dr. Reiter furnished certain medical services to John W. Reiter billed John W. for those services in the amount of $56,805.00. Anthem, John W.'s insurer, paid $4,365.66 on the claim.

---

[1] The defendant refers to itself as "Anthem Insurance Companies."

1

Dr. Reiter is an out-of-network provider with respect to the plan. He sues strictly in the capacity of John W.'s assignee.

On March 8, 2016, some two months before providing the services in question, Dr. Reiter obtained an assignment of benefits from John W. That assignment, a copy of which is attached to the Complaint, states in part as follows:

> I hereby convey to the above named doctor and clinic to the full extent permissible under the law and under the any applicable insurance policies and/or employee health care plan any claim, chose in action, or other right I may have to such insurance and/or employee health care benefits coverage under any applicable insurance policies and/or employee health care plan with respect to medical expenses incurred as a result of the medical services I received from the above named doctor and clinic and to the extent permissible under the law to claim such medical benefits, insurance reimbursement and any applicable remedies.

(Cplt. Ex. B)

Also attached to the Complaint is a copy of the Moody health benefits plan. (Cplt. Ex. A) The Plan provides that it is the responsibility of the patient, not Anthem, to reimburse an out-of-network provider for amounts not covered by the Plan. (Cplt. Ex. A at 52) The Plan also contains an anti-assignment provision:

> You cannot assign your right to receive payment to anyone else, except as required by a "Qualified Medical Child Support order" as defined by ERISA or any applicable Federal law... The coverage and any benefits under the Plan are not assignable by any Member without the written consent of the Plan, except as provided above.

(Cplt. Ex. A at 52)

On November 15, 2017, Dr. Reiter filed this federal-court action against Anthem, seeking payment of the balance billed but not paid, calculated to be $52,439.34.

2

Count One seeks payment for services rendered to the patient pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) Count Two asserts a claim of breach of fiduciary duty under ERISA.

## II. LEGAL STANDARDS

Anthem moves to dismiss the complaint for lack of standing under Rule 12(b)(1), or in the alternative for failure to state a claim under rule 12(b)(6). In this case, the distinction is not significant. Either way, the argument is that the Complaint on its face reveals that an anti-assignment provision bars Dr. Reiter from suing as his patient's assignee.

### A. Rule 12(b)(1) Standard

Motions to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) may be raised at any time. *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 437-38 (D.N.J. 1999). Such Rule 12(b)(1) challenges may be either facial or factual attacks. *See* 2 Moore's Federal Practice § 12.30[4] (3d ed. 2007); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A facial challenge asserts that the complaint does not allege sufficient grounds to establish subject matter jurisdiction. *Iwanowa*, 67 F. Supp. 2d at 438. "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)). The standard on a facial attack, then, is similar to the one that would govern an ordinary Rule 12(b)(6) motion.[2]

---

[2] A factual attack, on the other hand, permits the Court to consider evidence extrinsic to the pleadings. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000), *holding modified on other grounds by Simon v. United States*, 341 F.3d 193 (3d Cir. 2003). In that context, "Rule 12(b)(1) does not provide plaintiffs the procedural safeguards of Rule 12(b)(6), such as assuming the truth of the plaintiff's allegations." *CNA v. United States*, 535 F.3d 132, 144 (3d Cir. 2008). For further explication of the

3

Anthem asserts, based on the allegations of the Complaint and attached exhibits, that Dr. Reiter lacks standing-by-assignment to assert John W.'s right to payment. That is a facial challenge to standing, and it is properly analyzed under the same standard as a Rule 12(b)(6) motion.

## B. Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Sci. Prods., Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n.9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *N. Jersey Carpenters & the Trs. Thereof v. Tishman Constr. Corp. of N. Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

Federal Rule of Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also West Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' ... it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

---

distinction between a facial and a factual attack, *see Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015).

4

### C. Items Properly Considered on Motion

#### 1. Documents attached to or relied on by Complaint

The plaintiff sues as assignee, asserting the patient/assignor's rights under a health benefits plan. The Complaint cites the Assignment and the Plan, and attaches copies of them as Exhibits A and B. I therefore have cited and relied on them.

The Court in considering a Rule 12(b)(6) motion is confined to the allegations of the complaint, with narrow exceptions:

> "Although phrased in relatively strict terms, we have declined to interpret this rule narrowly. In deciding motions under Rule 12(b)(6), courts may consider "document[s] integral to or explicitly relied upon in the complaint," *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis in original), or any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document," *PBGC v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)."

*In re Asbestos Products Liability Litigation (No. VI)*, 822 F.3d 125, 134 n.7 (3d Cir. 2016). *See also Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) ("However, an exception to the general rule is that a 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion to dismiss into one for summary judgment.' ") (quoting *In re Burlington Coat Factory*, 114 F.3d at 1426); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). "The rationale underlying this exception is that the primary problem raised by looking to documents outside the complaint—lack of notice to the plaintiff—is dissipated '[w]here plaintiff has actual notice ... and has relied upon these documents in framing the complaint.'" *In re Burlington*, 114 F.3d at 1426 (quoting *Watterson v. Page*, 987 F.2d 1, 3–4 (1st Cir. 1993) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2nd Cir. 1991)).

## 2. Supplemental Authorities

After the motion to dismiss was briefed, Anthem twice moved to submit recently decided cases. Copies of the cases were accompanied by short memoranda of law which contained some substantive argumentation. (ECF nos. 12, 17) Dr. Reiter objected, but also filed a responding memorandum. (ECF no. 24) Anthem then submitted a reply memorandum containing substantive argument. (ECF no. 25)

I will consider the cases cited, just as I would have done if they had been uncovered by my own research. To the extent they are relevant, however, they are cumulative. I will not consider either party's supplemental memoranda, which are superfluous.

## III. DISCUSSION

Whether considered as a jurisdictional defect, *i.e.*, lack of standing under Rule 12(b)(1), or as failure to state a claim under Rule 12(b)(6)—the distinction makes no difference in this case—the lack of an effective assignment requires that Dr. Reiter's complaint be dismissed.[3]

Section 502(a) of ERISA empowers "a participant or beneficiary" to bring a civil action "to recover benefits due to him under the terms of his plan." ERISA § 502(a), 29 U.S.C. 1132(a); *see Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004). A "participant" is defined in the statute:

> [A "participant" is] any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.

---

[3] In *Univ. Spine Ctr. v. Horizon Blue Cross Blue Shield of N.J.*, 262 F. Supp. 3d 105, 106 n.1 (D.N.J. 2017), a motion like this one directed to the face of the complaint, I noted without deciding that the distinction made no difference.

6

ERISA § 3(7), 29 U.S.C. § 1002(7). A "beneficiary" is statutorily defined as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." ERISA § 3(8), 29 U.S.C. § 1002(8).

Healthcare providers who are neither participants nor beneficiaries may, however, obtain the right to sue via an assignment from a plan participant or beneficiary. *CardioNet, Inc. v. Cigna Health Corp.*, 751 F.3d 165, 176 n.10 (3d Cir. 2014). Dr. Reiter alleges that he possesses such an assignment, and therefore may sue on John W.'s behalf. (*See* Assignment, quoted at p. 2, *supra.*)

I assume *arguendo* that, absent some independent bar, this Assignment would permit Dr. Reiter to sue:

> [W]hen a patient assigns payment of insurance benefits to a healthcare provider, that provider gains standing to sue for that payment under ERISA § 502(a). An assignment of the right to payment logically entails the right to sue for non-payment.... After all, the assignment is only as good as payment if the provider can enforce it.

*N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 372-73 (3d Cir. 2015); *see also Franco v. CIGNA*, 647 F. App'x 76, 81-82 (3d Cir. 2016) (same).

The very Plan under which Dr. Reiter sues, however, bars any such assignment. The patient, not the Plan, is responsible for amounts billed by an out-of-network provider but not reimbursed under the terms of the Plan. The Plan, moreover, contains an explicit anti-assignment provision:

> You cannot assign your right to receive payment to anyone else, except as required by a "Qualified Medical Child Support order" as defined by ERISA or any applicable Federal law... The coverage and any benefits under the Plan are not assignable by any Member without the written consent of the Plan, except as provided above.

(Cplt. Ex. A at 52)

There is considerable authority to the effect that such an anti-assignment provision is effective. Whether the issue is viewed as one of standing or of contract, such a provision will deprive the putative assignee of

7

the ability to assert a valid cause of action. The defendant has cited ample case law from this District to that effect.[4]

As an example, my own recent opinion in *Univ. Spine Ctr. v. Horizon Blue Cross Blue Shield of N.J.* held that such an anti-assignment clause was valid, and dismissed a health care provider's complaint:

> The ERISA statute, however, contains no [contrary] provision, and the parties are therefore relegated to the law of contracts and assignments. The Anti–Assignment clause, whatever its policy merits, is a bargained-for part of the Plan. New Jersey, for its part, has declined to invalidate anti-assignment clauses as a policy matter. [citing *Kaul v. Horizon Blue Cross Blue Shield of New Jersey*, 2016 WL 4071953, at *2 (D.N.J. Jul. 29, 2016) (Cecchi, J.) (citing *Advanced Orthopedics and Sports Medicine v. Blue Cross Blue Shield of Massachusetts*, 2015 WL 4430488, at *5 (D.N.J. Jul. 20, 2015) (Wolfson, J.))]; *Somerset Orthopedic Assocs. v. Horizon Blue Cross & Blue Shield of N.J.*, 345 N.J. Super. 410, 423, 785 A.2d 457 (N.J. Super. App. Div. 2001) (holding "the anti-assignment clause in Horizon's subscriber contracts is valid and enforceable to prevent assignment by subscribers of policy benefit payments to non-participating medical providers without Horizon's consent")). Generalized policy considerations are insufficient to move a court—at least this trial-level court—to set aside the applicable precedent.

---

[4]  See *Atlantic Plastic and Hand Surgery, P.A. v. Anthem Blue Cross Life and Health Insurance Co., et al.*, No. 17-4600-FLW-DEA (D.N.J. Mar. 22, 2018); *Lemoine v. Empire Blue Cross Blue Shield et al.*, No. 2:16-cv-6786-JMV-JBC (D.N.J. April 12, 2018); *Zapiach v. Empire Blue Cross Blue Shield*, No. 2:17-cv-10179-SDW-SCM (D.N.J. April 17, 2018); *Igea Brain and Spine, P.A. v. Blue Cross and Blue Shield of Minn.*, No. 16-cv-5844 (SDW) (SCM), 2017 U.S. Dist. LEXIS 72663 (D.N.J. May 12, 2017) ("*Igea*"); *Am. Orthopedic & Sports Med. v. Indep. Blue Cross, LLC*, No. 16-cv-8988 (JLL), 2017 U.S. Dist. LEXIS 26674 (D.N.J. Feb. 24, 2017) ("*Am. Orthopedic*"); *Shah v. Blue Cross Blue Shield of Ala.*, No. 17-cv-700 (JBS) (JS), 2017 U.S. Dist. LEXIS 154090 (D.N.J. Sept. 21, 2017) ("*Shah*"); *Emami v. Quinteles IMS*, No. 17-cv-3069 (JLL), 2017 U.S. Dist. LEXIS 154774 (D.N.J. Sept. 21, 2017) ("*Emami*"); *Kayal Orthopaedic Ctr., P.C. v. Empire Blue Cross Blue Shield*, No. 16-cv-09059 (CCC) (SCM), 2017 U.S. Dist. LEXIS 153763 (D.N.J. Sept. 21, 2017) ("*Kayal*"); *Univ. Spine Ctr. v. Horizon Cross Blue Cross Shield of N.J.*, No. 16-8222 (KM)(MAH), 2017 U.S. Dist. LEXIS 90251 (D.N.J. June 12, 2017) ("*USC*").

262 F. Supp. 3d 105, 111 (D.N.J. 2017) (footnotes omitted).

Dr. Reiter objects that he is the very healthcare provider who provided the services, and that as such he should be permitted to assert his patient's interest. The assignee in the cited cases, however, commonly is just such a healthcare provider. I rejected such policy considerations, and the case cited by Dr. Reiter, in *Univ. Spine Ctr.*, 262 F. Supp. 3d at 111 (discussing and declining to apply *Hermann Hosp. v. MEBA Med. & Benefits Plan*, 959 F.2d 569 (5th Cir. 1992), *overruled on other grounds*, *Access Mediquip, L.L.C. v. UnitedHealthcare Ins. Co.*, 698 F.3d 229 (5th Cir. 2012)).

I will therefore grant the motion to dismiss, based on the anti-assignment provision. Anthem has asserted a number of other arguments, including failure to state a claim and failure to exhaust administrative remedies. I do not reach them.

## IV. CONCLUSION

For the foregoing reasons, defendant Anthem's motion to dismiss the Complaint for lack of standing and/or for failure to state a claim is GRANTED, without prejudice.[5]

Dated: July 18, 2018

**KEVIN MCNULTY**
**United States District Judge**

---

[5] A Rule 12(b)(1) jurisdictional dismissal, which does not implicate the merits, is without prejudice. *See Siravo v. Crown, Cork & Seal Co.*, 256 F. App'x 577, 580–81 (3d Cir. 2007) (non-precedential) (citing *In re Orthopedic "Bone Screw" Prods. Liab. Litig.*, 132 F.3d 152, 155 (3d Cir.1997)). An initial Rule 12(b)(6) dismissal for failure to state a claim is likewise presumptively without prejudice. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (emphasis added). *Accord Phillips v. Cty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (citing *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000)).

9